UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Mathew Galo Mejia,<br><br>                Defendant. | Case No.: 3:25-cr-00981-JAH-1<br><br>**ORDER ON MOTION FOR DISCOVERY TO INSPECT AND COPY CELL PHONE**<br><br>**[ECF No. 23]** |

      On May 26, 2025, Defendant Mathew Galo Mejia ("Defendant") moved to inspect and copy his cellphone, held in Government custody, under Rule 16 of the Federal Rules of Criminal Procedure. ECF No. 23. The Government responded in opposition to Defendant's motion on June 4, 2025 (ECF No. 24), and the Defendant replied on June 9, 2025 (ECF No. 26). For the foregoing reasons, Defendant's motion is DENIED.

///

///

## LEGAL STANDARD

The application of Rule 16 to locked cellphones is an "unsettled" area of the law. *United States v. Vezina*, 2023 WL 2390758, *5 n.2 (D. Idaho March 7, 2023). Under Rule 16, the defendant has the right "to inspect and to copy" documents, data, and objects "within the government's possession, custody, or control," if such an item "was obtained from or belongs to the defendant." FED. R. CRIM. P. 16(a)(1)(E)(iii).

Federal courts interpreting Rule 16(a)(1)(E)(iii) have come to different conclusions on how the rule applies to a defendant's locked cellphone, held in federal custody pending the defendant's trial. Some courts have found that Rule 16(a)(1)(E)(iii), under its plain text, clearly allows the defendant to inspect and copy the information on his cellphone, even if that information is inaccessible to the government as a result of the phone's encryption while locked. *See e.g. United States v. Graves*, 2017 WL 1734046, *2 (W.D. Ky. May 2, 2017) (finding that "Rule 16(a)(1)(E)(iii) gives Graves the right 'to inspect and to copy'—not simply to view—the iPhone which, after all, belongs to him."). *See in accord. United States v. Parks*, 2009 WL 1617010, *2 (E.D. Tenn. June 9, 2009) (finding that the "cellphone was taken from and belongs to the defendant," and holding that "defendant, through counsel, has the right to inspect his own cell phone pursuant to Rule 16(a)(1)(E)(iii)."). *See also United States v. Russell*, 2022 WL 17736195, *3 (S.D. Fl. Dec. 17, 2022) (finding that the "plain text of Rule 16(a)(1)(E)" requires the government to allow the defendant to inspect his cellphone and its contents).

Other courts to have decided the matter disagree, finding instead that the data on an encrypted cellphone—when the government's efforts to decrypt the phone have failed—is not "within the government's possession, custody, or control" under the plain meaning of Rule 16(a)(1)(E), because the government has been unable to break the encryption that is concealing the data. Under this approach, according to the government, because the government does not have "possession, custody, or control" of the encrypted data, Rule 16(a)(1)(E) places no minimum discovery obligation upon the government and does not require the government to provide inspection rights of defendant's cellphone held in

government custody, even if the cellphone and its data are items that were "obtained from or belong[ing] to the defendant." FED. R. CRIM. P. 16(a)(1)(E)(iii). *See e.g. United States v. Hill*, 21-cr-107, ECF No. 38 (S.D. Cal. Oct. 7, 2021) (agreeing with government's argument that it had no "actual possession, custody, and control of the contents of the phone" because the contents are encrypted, and finding that, when the government has "no access to the contents" of defendant's encrypted phone, the government is not required to provide defendant with Rule 16 discovery). *See also in accord. United States v. Triplett*, 2025 WL 1359353, *8 (S.D. Ohio May 9, 2025) (finding that encrypted data on defendant's cellphone, which the government is unable to decrypt, is not "within the government's possession, custody, or control" for purposes of Rule 16(a)(1)(E), and agreeing that "the [encrypted] data it contains is not in the Government's possession because the cellphone is encrypted, [defendant] has refused to provide his passcode, and the Government has not been able to break the encryption."). *And see United States v. Young*, 2024 WL 913308, *4 (D. Minn. March 4, 2024) (finding that "[w]hile the physical cellphone is [in] the Government's possession by virtue of a warrant, the data it contains is not in the Government's possession because the cellphone is encrypted[.]"); *see United States v. Gray*, 2024 WL 4627566, *9 (S.D.N.Y. Oct. 30, 2024) (finding that "the contents of Gray's phone, while encrypted as they were through the end of trial, were not within the Government's possession, custody, or control for purposes of *Brady* and its progeny," and that no provision of the Constitution or the Federal Rules of Criminal Procedure allowed defendant "to obtain *unilateral* access to the iPhone's contents while the phone remained subject to an undisputedly valid search warrant.") (emphasis in the original); *and see Vezina*, 2023 WL 2390758 at *5 (finding that the government has "nothing" to provide defendant when the government is unable to decrypt the data on a defendant's locked phone and finding that the government "is not in possession of anything from the cellphone.").[1]

---

[1] While cases like *Vezina* have found defendant unsuccessful in demonstrating "materiality" of encrypted information under Rule 16(a)(1)(E)(i), due to defendant's

While it is clear that lower courts remain split on whether encrypted data held on electronic devices in government custody are "within the government's possession, custody, or control" for purposes of the government's Rule 16(a)(1)(E) obligations, the majority of federal courts, including those within this circuit, have found that the time constraints on the execution of a warrant for electronically stored information under Federal Rule of Criminal Procedure 41 are satisfied when the data on computer devices, like cellphones, is seized pursuant to a warrant. The manner in which federal courts have interpreted seizures of data under Federal Rule of Criminal Procedure 41 may be instructive in evaluating the application of the Federal Rules of Criminal Procedure to data stored on an electronic device, especially when portions of the rules have not been updated to include provisions for electronically-stored information.

Under Rule 41(e)(2)(B), enacted in 2009 to clarify the standard for executing search warrants that seek electronically stored information on computer devices, the fourteen-day window to execute a warrant "refers to the seizure or on-site copying of the media or information, and not to any later off-site copying or review." FED. R. CRIM. P. 41(e)(2)(B). The rule envisions a distinction between the government's seizure of the defendant's cellphone, the "data" within the cellphone, and the government's subsequent analysis, decryption, and decompression of the data which may occur after the fourteen-day window. *See* Advisory Committee's Note to 2009 Amendment, FED. R. CRIM. P. 41(e)(2)(B) (describing the "two-step process" of first seizing the device and later analyzing it, and providing the government with time beyond the fourteen days to analyze seized data because of "the sheer size of the storage capacity of media, difficulties created by encryption and booby traps, and the workload of the computer labs."). *See also United*

---

inability to specifically describe the information held on the locked phone, there is no expressed materiality requirement for discovery rights involving data or items that were "obtained from" or belong to the defendant, like the defendant's own cellphone, under Rule 16(a)(1)(E)(iii). *See* 2023 WL 2390758 at *4.

*States v. Huart*, 735 F. 3d 972, 974 n.2 (7th Cir. 2013) ("[U]nder Federal Rule of Criminal Procedure 41(e)(2)(B), a warrant for electronically stored information is executed when the information is seized or copied—here, when the Rock Valley staff seized the phone.") (emphasis added) (finding also that "[l]aw enforcement is permitted to decode or otherwise analyze data on a seized device at a later time."). *And see United States v. Hill*, 459 F.3d 966, 975, 976 (9th Cir. 2006) (finding that the government "seize[d] the haystack to look for the needle" with regards to defendant's data when it seized defendant's computer devices, and finding that seizure of "all computer storage media for later examination" constituted a "wholesale seizure" of the data.). *See also United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1170-1171 (9th Cir. 2010) (en banc) (finding the government seized vast amounts of electronically stored information when it seized computer devices pursuant to a warrant, and holding that such wholesale seizure, even if it included data that was "concealed, compressed, erased or booby-trapped" was so broad that the seizure would "render the carefully crafted safeguards in the…warrant a nullity," and finding, in addition, that the government may not seize computer devices, and therefore seize the vast amount of data therein, and then decide to "take everything back to the lab, have a good look around and see what we might stumble upon."). For purposes of Federal Rule of Criminal Procedure 41, the overwhelming majority of courts find that the data on a cellphone is seized when the physical cellphone is in the possession of the government. *See United States v. Estime*, 2020 WL 6075554, *14 (S.D.N.Y. Oct. 14, 2020) (holding, "this Court agrees with the majority of courts that, under Rule 41(e)(2)(B), a search warrant for ESI [electronically-stored information] is executed through 'the seizure…of the media' which is accomplished when the physical storage device is in the custody of the government.").

      The aforementioned Ninth Circuit cases describe when data is "seized" under Rule 41, but they do not provide clearly defined precedent as to how courts are to interpret "possession" under Rule 16(a)(1)(E). In other words, within existing Ninth Circuit law, there is no clarity, for purposes of Rule 16(a)(1)(E), as to whether a "seizure" of data is the

same as "possession" of the data, or whether encrypted data is actually "seized" when the electronic device is seized. However, the Ninth Circuit's decision in *United States v. Bryan* is the closest precedent at hand that has defined "possession" under Federal Rule of Criminal Procedure 16(a)(1)(E), as it applies to a defendant's discovery rights involving "documentary evidence that was either material to his defense or which belonged to him." 868 F.2d 1032, 1034 (9th Cir. 1989) (interpreting Rule 16(a)(1)(C) which is now entitled 16(a)(1)(E)); *see also United States v. Santiago*, 46 F.3d 885, 893 (9th Cir. 1995) (applying the rule that "information is 'in the possession of the government' if the prosecutor 'has knowledge of and access to the documents sought by the defendant.'") (citation omitted). Under *Bryan*, the prosecutor is deemed to have "possession" of items which the defendant is entitled to inspect and copy when the prosecutor has "knowledge of and access to" those items. *Id.* at 1036.

## ANALYSIS

In this case, the parties disagree on whether the data on Defendant's iPhone is in the "possession, custody or control" of the Government under Federal Rule of Criminal Procedure 16(a)(1)(E). The cellphone has clearly been "seized" under Federal Rule of Criminal Procedure 41(e)(2)(B). The key question is whether the Government's seizure of Defendant's iPhone constitutes "possession" or "custody" of its encrypted data by the Government. The Government argues "though the government may have possession of Defendant's phone, it does not have possession of the data within his phone." ECF No. 24 at 5. In response, the Defendant argues that, for the Government's argument to be true, "we would have to suspend reality and pretend that the cell phone along with the data it contains is not being possessed by the government while the cell phone is seized as evidence." ECF No. 23 at 4. Defendant argues that nowhere in Rule 16 has Congress required that the Defendant be allowed to inspect and copy his phone's data only if it is *both* in the "possession" of the Government *and* readily accessible and readable by the Government. *Id*. Defendant contends that "[b]ecause the government is possessing the data, accessible to the government or not," *id.*, Defendant has met each requirement of Rule

16(a)(1)(E)(iii) thereby permitting him to inspect and copy the contents of his own cellphone to assist in his preparation for his defense.

When evaluating how legislative text applies to computer devices, federal courts generally look to the natural meaning of words. *See Van Buren v. United States*, 593 U.S. 374, 382 (2021) (utilizing the Random House Dictionary and Black's Law Dictionary to define "entitle" under the Computer Fraud and Abuse Act). The plain text of Rule 16(a)(1)(E)(iii) grants the defendant the ability "to inspect and to copy" items that were "obtained from or belong[ing] to the defendant," when those items are "within the government's possession, custody, or control[.]" FED. R. CRIM. P. 16(a)(1)(E)(iii). Some courts analyzing the plain text of Rule 16(a)(1)(E)(iii) have found that the rule gives the defendant "the right 'to inspect and to copy'—not simply view—the iPhone which, after all, belongs to him." *Graves*, 2017 WL 1734046 at *2.

The word "possession" means "[t]he fact of having or holding property in one's power." Black's Law Dictionary (12th ed. 2024).[2] The legal definition of "possession" also includes "[t]he right under which one may exercise control over something to the exclusion of all others." *Id*. The word "possession" also means "actual holding…either with or without rights of ownership," and to "possess" is defined as "to seize or take," or "to occupy or hold." Random House Dictionary of the English Language 1509 (2d ed. 1987).

In *United States v. Bryan*, the Ninth Circuit found that "sometimes" the defendant is entitled to inspect items to which the prosecutor had "knowledge of and has access to," including out of district files held by other federal agencies, given that the text of the rule does not explicitly mention or suggest that the government's obligation to allow a defendant "to inspect and to copy or photograph" documents is limited only to items

---

[2] Following the instruction of *Van Buren*, this Court provides the definitions of the term "possession" through use of the same legal dictionaries used by the Supreme Court in *Van Buren*. *See* 593 U.S. at 382.

physically located within the district boundaries where the defendant is being tried. 868 F.2d at 1034, 1036 (interpreting Rule 16(a)(1)(C), now entitled as Rule 16(a)(1)(E), involving "documentary evidence that was either material to his defense or which belonged to him[.]").

The Ninth Circuit went on to hold that courts should engage in a case-by-case analysis under Rule 16, evaluating the prosecutor's possession, constructive or actual, of the items or documents of interest, and that courts should apply the presumption that the prosecutor has control and access of documents held by any federal agency participating in the same investigation of the defendant, even if those documents are not actually held by the prosecutor's office. 868 F.2d at 1036. The prosecutor will be deemed or presumed to have "knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation of the defendant." *Id.* The court remanded the case for the district court to decide whether the defendant was given full access to documents that the prosecutor had knowledge of or access to in his case.

While cellphone data was not the evidence sought in *Bryan*, this Court finds *Bryan* instructive on the application of the Government's discovery obligations under Rule 16(a)(1)(E). First, *Bryan* states there is a presumption that the prosecutor has knowledge of and access to the items held by federal agencies participating in the same investigation of the defendant, which is a matter considered on a case-by-case basis. *See* 868 F.2d at 1036 (rejecting a "mechanical definition" of the rule). This Court notes that Rule 16(a)(1)(E) specifically provides that "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy….documents, <u>data</u>,…[or] tangible objects…if the item is within the government's possession, custody, or control and … [iii] the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E) (emphasis added). The Government has seized the iPhone which is in its custody and control along with the "data" it extracted from the iPhone, pursuant to the execution of the search warrant

authorizing such seizure and extraction.³  The Government has no knowledge of or access to the encrypted "data" in the iPhone and thus has no control over it.  Second, the Defendant is not realistically seeking his physical cellphone, the "tangible object" or "item" under Rule 16, which the Government has simple possession over, or the previously provided unencrypted data, but the *encrypted* data within the cellphone.  There is no evidence that the prosecution has knowledge of this data and, as a result of its attempts to gain access to potential evidence within the phone, the Government has found that it has no access to such data and thus has no control over it.  As such, the presumption provided in *Bryan* has been overcome by the Government because the Government does not have knowledge of or access to the encrypted data, and the Government neither holds the encrypted data in its power nor holds the encrypted data in its "possession" or "control."⁴

The *extracted* data, seized upon forensic examination of Defendant's phone by the Government, is the only "data" in the possession, custody or control of the Government and to which the Government has knowledge or access.  The Government has already provided the forensic imaging of the phone, also known as the phone extraction or report, to the Defendant.  *See* ECF No. 23-2 at 1.  As a result, the Government has complied with its obligations under Rule 16(a)(1)(E)(iii).  Regarding any remaining data that may exist, the Government does not have any knowledge of it.  The Defendant wants more data than that which the prosecution has demonstrated it knows of and to which it has no access.

The Court also finds the *Hill* case, a district court case from within this circuit, persuasive.  *Hill* provides an example of a trial court following the guidance of *Bryan* relating to Rule 16(a)(1)(E) disputes regarding encrypted data in cellphones.  *See* 21-cr-107, ECF No. 38 (S.D. Cal. Oct. 7, 2021).  In *Hill*, the government was not able, despite

---

³ As described earlier, it is unclear whether a "seizure" of encrypted data constitutes "possession" of the data.  Absent binding precedent, the Court follows *Bryan*, the Ninth Circuit's decision interpreting "possession" of items as "knowledge of and access to" those items under Rule 16(a)(1)(E).  *See* 868 F.2d at 1036.
⁴ *See* definitions provided of terms, *supra* at 7.

its best efforts, to obtain the encrypted data it believed to be otherwise accessible on the cellphone due to the phone's sophisticated encryption. The same facts and legal principles are at issue here. Applying the rule that the government must have knowledge of and access to the data before its discovery obligation under Rule 16(a)(1)(E)(iii) arises, the court found in essence that any presumption of the government's knowledge of and access to the data was overcome under the facts of that case because the government could not access the phone's encrypted data, as the Government has similarly shown in this case.

As a result, this Court finds the items sought by the Defendant to be inspected and copied are not simply his cellphone but encrypted "data" retrievable via the cellphone, whether it is within or accessible by use of the cellphone, to which the Government has no knowledge of or access to despite its best efforts. Accordingly, Defendant's motion to compel his discovery rights under Rule 16(a)(1)(E)(iii) is DENIED.

## CONCLUSION

This case sits at a technological frontier, involving the application of the current discovery rules under Rule 16 to the novel context of cellphones, and the vast quantity of data stored therein. Applying the guidance of *Bryan* and the district court's rationale in *Hill*, the Government must have knowledge of and access to the data at issue for the Government's discovery obligations under Rule 16(a)(1)(E)(iii) to apply. Because the Government in this case has no knowledge of or access to the encrypted data contained on, or by way of utilizing, the Defendant's cellphone, this Court finds that Defendant has no inspection rights to that data.[5]

---

[5] Because the Court's order focuses on Rule 16 and resolves the issue on the rule alone, it need not reach the Fifth Amendment arguments raised by the parties. It is clear that the Fifth Amendment provides Defendant with the privilege against self-incrimination, which includes providing the Government with his cellphone's passcode. *See United States v. Payne*, 99 F.4th 495, 511 (9th Cir. 2024) (finding that "providing law enforcement officers with a combination to a safe or passcode to a phone would require an individual to divulge the 'contents of his own mind'" and implicate Fifth Amendment protections).

**IT IS SO ORDERED.**

DATED: July 25, 2025

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE